No. 22-30704
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

ANGELA MELANCON,

*Plaintiff-Appellant*

v.

LAFAYETTE GENERAL MEDICAL CENTER INC.,

*Defendant-Appellee*
_____

On Appeal from the United States District Court for the
Western District of Louisiana
Civil Action Number: 6:21-CV-03752-RRS-CBW
_____

REPLY BRIEF OF APPELLANT
ANGELA MELANCON
_____

Respectfully submitted by,

G. KARL BERNARD
Attorney for Appellant
Louisiana Bar No. 24294
Karl Bernard Law, LLC
1615 Poydras, Street, Suite 101
New Orleans, Louisiana  70112
Tel. (504) 412-9953
Fax. (504) 412-8088
E-mail:karlb@karlblaw.com

i

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons have an interest in the outcome of this case. These representations are made in order that the Judges of this Court may evaluate possible disqualification or recusal.

A. Parties

    Plaintiff-Appellant:    Angela Melancon

    Defendant-Appellee:    Lafayette General Medical Center Inc.

B. Attorneys

    For Plaintiff-Appellant:    G. Karl Bernard (LA#24294)
    Karl Bernard Law, LLC
    1615 Poydras Street, Suite 101
    New Orleans, Louisiana 70112

    For Defendant-Appellee:    Gregory Guidry (LA#06489)
    Andrew J. Halverson (LA#32284)
    Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
    325 Settlers Trace Blvd, Suite 201
    Lafayette LA 70508

By: /s/ G. Karl Bernard
    G. Karl Bernard

## STATEMENT REGARDING ORAL ARGUMENT

On behalf of Appellant, counsel requests oral argument and submits that oral argument will benefit this Honorable Court based upon the legal and factual complexities and nuances of the issues presented.

## TABLE OF CONTENTS

PAGE

CERTIFICATE OF INTERESTED PERSONS ........................................................ ii

STATEMENT REGARDING ORAL ARGUMENT ............................................. iii

TABLE OF CONTENTS ...................................................................................... iv

TABLE OF AUTHORITIES ............................................................................. v,vi

STATEMENT OF ISSUES PRESENTED ............................................................. 1

ARGUMENT .......................................................................................................... 1

CONCLUSION ....................................................................................................... 7

CERTIFICATE OF SERVICE ................................................................................ 7

CERTIFICATE OF COMPLIANCE ...................................................................... 8

## TABLE OF AUTHORITIES

<u>CASES</u> <u>PAGES</u>

*Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007) (quotation marks, citations, and footnote omitted)……………………………..1,3,4

*Burlington Northern & Santa Fe Railway Co. v. White,* 548 U.S. 53, 165 L. Ed. 345 (2006)………………………………………………………………………3,4,5

*Hampton v. Hibernia National Bank,* 598 So.2d 502 (La. App. 2 Cir., 1992)..........2

*Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc*, 535 U.S. 862 (2002) ...............................................................................................................2

*Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999)) ............1

| STATUTES | PAGES |
|---|---|
| 42 U.S.C. §1981 (1994), *et seq*., the Civil Rights Act of 1866 | 2 |
| Fed. R. Civ. P. Rule 12(b)(6) | 1 |
| Title VII of the Civil Rights Act of 1964 | 2 |

STATEMENT OF ISSUES PRESENTED

Plaintiff-Appellant presents the following issue for this Court's review:

1. Whether the District Court followed the legal standards governing the adjudication of a Rule 12(b)(6) Motion to Dismiss.

## ARGUMENT

### I. THE DISTRICT COURT DID NOT FOLLOW THE LEGAL STANDARDS GOVERNING THE ADJUDICATION OF A RULE 12(b)(6) MOTION TO DISMISS

On a Motion to Dismiss for failure to state a claim under Rule 12(b)(6), this Court reviews the district court's order de novo. In so doing, all well-pleaded facts are to be accepted as true and viewed in a light most favorable to the plaintiff.[1] Put simply, to survive a Rule 12(b)(6) motion to dismiss, the plaintiff must only plead "enough facts to state a claim to relief that is plausible on its face."[2] "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[3] Though the lower court correctly articulated the law, the court erred in its application of the law to the allegations asserted in Plaintiff-Appellant's Complaint.

---

[1] *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999))

[2] . *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007) (quotation marks, citations, and footnote omitted)

[3] *Id.* at 1965

Plaintiff-Appellant is the Master of Her Complaint

Whether filing a state or federal claim, it is well established that different causes of action may arise from the same conduct.[4] Thus, and not surprisingly, the United States Supreme Court has recognized that a plaintiff is the master of his or her complaint.[5] According to Plaintiff's Complaint, Plaintiff asserts two causes of action, one of which is a retaliation claim pursuant to Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981 (1994), et seq. Nevertheless, instead of accepting Plaintiff's allegations as true (even if believed to be doubtful in fact), the lower court, for all intents and purposes, treated Plaintiff's Complaint as if it were a disparate treatment claim. To that end, the lower court even analyzed Plaintiff's Complaint in terms of a claim for workplace harassment. This was the case even though Plaintiff never asserted or plead a workplace harassment claim, sexual or otherwise. In so doing, the lower court failed to properly distinguish an adverse employment action in the context of a retaliation claim versus a disparate treatment claim.

An Adverse Action in a Retaliation Claim – Context Matters

An adverse employment action for purposes of a disparate treatment claim must materially affect the terms and conditions of a person's employment. On the

---

[4] *Hampton v. Hibernia National Bank,* 598 So.2d 502 (La. App. 2 Cir., 1992)
[5] *See, Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc,* 535 U.S. 862 (2002)

2

other hand, an adverse action in the context of a retaliation claim need not materially affect the terms and conditions of employment so long as a reasonable employee would have found the action materially adverse, which means it might have "dissuaded a reasonable worker from making or supporting a charge of discrimination" or deterred the charging party from engaging in protected activity. To that end, Plaintiff-Appellant calls this Honorable Court's attention to the U.S. Supreme Court's opinion in *Burlington Northern & Santa Fe Railway Co. v. White* to support its argument.[6] The *Burlington* opinion provides all of the explanation Plaintiff-Appellant needs to prove that the retaliatory actions she suffered after making her complaint of discrimination indeed *could* constitute an adverse employment action. As the *Burlington* Court explained, *Burlington* was selected for decision to resolve the disagreement among the Circuit Courts as to how harmful an action against an aggrieved employee must be to constitute retaliation.

In the first step of its analysis, the Court affirmed that under Title VII's retaliation provisions, retaliation claimants are not limited to seeking redress only for actions affecting ultimate employment terms and conditions. Rather, the antiretaliation provisions cover all employer actions that "would have been materially adverse to a reasonable employee or applicant."[7] Adopting the standard

---

[6] *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 165 L. Ed. 345 (2006)
[7] *Id.* at 54

3

used by the Seventh Circuit, the Court pronounced, "In our view, a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, 'which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination'."[8]

*Burlington* involved a female forklift operator, Ms. White, who complained of sexual harassment and was thereafter reassigned from forklift duty to a less favorable role within her job description. When she filed an EEOC complaint she was suspended without pay for alleged insubordination. Her employer's investigation revealed that she had not in fact been insubordinate and she was ultimately reinstated and received backpay for the period of the thirty-seven-day suspension. Ms. White filed suit and alleged retaliation based on the reassignment of duties and thirty-seven-day unpaid suspension. The Sixth Circuit affirmed the jury's award of compensatory damages, but applied the standard generally applicable to discrimination claims, defining an "adverse employment action" as a "material adverse change in the terms and conditions" of the plaintiff's employment.[9] Burlington maintained that there could be no showing of an adverse employment action because Ms. White's reassignment of duties remained within her job description and, second, her suspension was revoked and she received backpay

---

[8] *Id*. at 67
[9] *Id*. at 53

for the thirty-seven days of lost income. The Supreme Court rejected both of these arguments.

The *Burlington* opinion is palpably instructive to case at bar because the Supreme Court's rationale undermines the lower court's holding that Plaintiff-Appellant never suffered an adverse employment action. First, adverse employment actions in a claim for retaliation are not limited to ultimate employment decisions. In *Burlington*, the Court made it clear that the reasonable employee standard cannot be applied without analysis of each situation. As the Court stated:

> The real social impact of workplace behavior often depends on a constellation of surrounding circumstances, expectations, and relationships which are not fully captured by a simple recitation of the words used or the physical acts performed. [cite omitted] *A schedule change in an employee's work schedule may make little difference to many workers, but may matter enormously to a young mother with school-aged children.*[10]

Thus, the Court makes it clear that context matters. The reasonable employee must possess the traits and be in the circumstances of the plaintiff. Accordingly, the reasonable person used by the Court in that analysis was a reasonable person with school-aged children. Likewise, the reasonable person in this case would be a long-

---

[10] *Id.* at 69 (emphasis added)

5

term employee with absolutely no write-ups, reprimands, suspensions or any other type of corrective action yet becoming the object of ridicule, derision and false accusations by her immediate supervisor and coworkers only after she complained about discriminatory conduct in the workplace. Put simply, context matters. The facts and circumstances determine whether a particular action is retaliatory. Accordingly, the same action that may be retaliatory in one case may not be in another. Thus, if the Burlington standard is to be properly applied, it was inappropriate for the lower court to dismiss Plaintiff-Appellant's "series of events" in her Complaint as petty slights, minor annoyances, and a lack of good manners without the benefit of discovery or any evidence regarding the circumstances involved. Context matters.[11]

---

[11] Regarding allegations of causation and Plaintiff-Appellant's NIED claim, Plaintiff-Appellant reasserts her position articulated in Plaintiff-Appellant's Original Brief.

## CONCLUSION

For the foregoing reasons, the District Court erred in granting Defendant-Appellee's Motion to Dismiss. Therefore, Plaintiff-Appellant respectfully requests that this Honorable Court remand this matter to permit the parties to engage in discovery, as appropriate.

Respectfully submitted,

s/G. Karl Bernard
G. Karl Bernard (#24294)
KARL BERNARD Law, LLC
1615 Poydras Street, Suite 101
New Orleans, Louisiana 70112
Telephone: (504) 412-9953
Facsimile: (504) 412-8088
karlb@karlblaw.com
Attorney for Plaintiff-Appellant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Reply Brief of Appellant has been filed, in an electronic format, in the Office for the Clerk of the United States, Court of Appeals for the Fifth Circuit and forwarded to all known counsel of record via electronic mail, facsimile, or U.S. mail and properly addressed this 15th day of March, 2023.

s/G. Karl Bernard
G. Karl Bernard

FED. R. APP. P. – FORM 6

CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

Certificate of Compliance with Type-Volume Limitation, Typeface Requirement, and Type Style Requirements.

1.　This Reply Brief complies with the type-volume limitations of FED. R. APP. P. 32(a)(7)(B) because this brief contains 1927 words, including the parts of the brief exempted by FED.R.APP.P. 32(a)(7)(B)(iii).

2.　This Reply Brief complies with the typeface requirements of FED.R.APP.P. 32(a)(5) and the type style requirements of FED.R.APP.P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14 Point Type Space and Times New Roman.

         s/ G. Karl Bernard
         G. Karl Bernard

March 15, 2023